# CRIMINAL COMPLAINT
(Submitted electronically)

| United States District Court | DISTRICT of ARIZONA |
|---|---|
| **United States of America** v. **Tosie Lee Alexander**; DOB: 1985; U.S. Citizen  **Kelcey Gahungu**; DOB: 1992; U.S. Citizen | DOCKET NO.<br><br>MAGISTRATE'S CASE NO.<br>**21-00287MJ** |

Complaint for violation of Title 21, United States Code, Section 846

**COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:**

Beginning at a time unknown, and continuing to on or about May 19, 2021, at or near Amado, in the District of Arizona, **Tosie Lee Alexander** and **Kelcey Gahungu** did knowingly and intentionally combine, conspire, confederate and agree together and with other persons known and unknown to possess with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

All in violation of Title 21, United States Code, Section 846.

**BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:**

On Wednesday, May 19, 2021, at approximately 8:30 a.m., a shuttle arrived in the secondary inspection area of the U.S. Border Patrol checkpoint on Interstate 19 in Amado, Arizona. During the inspection, Kelcey GAHUNGU exited the shuttle. An agent noticed GAHUNGU acting like he was on the phone and avoiding all eye contact. In his experience, the inspecting agent was aware that this is a common behavior in smugglers who hope inspecting agents will not try to converse with them. As the agent approached, he noticed GAHUNGU's hands were shaking. During the inspection, GAHUNGU told the agent he was riding with a friend who was later identified as Tosie Lee ALEXANDER. GAHUNGU told the agent that ALEXANDER was his neighbor and they were friends. The agent approached ALEXANDER and asked him how he knew GAHUNGU. ALEXANDER replied, "I don't know him. We just met in Nogales." This made the agent suspicious. The agent spoke to GAHUNGU again and GAHUNGU told him that ALEXANDER was concealing narcotics internally. The agent then questioned ALEXANDER and he admitted to having narcotics concealed internally. ALEXANDER requested to use the restroom so he could remove the bundles. Agents advised ALEXANDER that he needed to go to the hospital to have the bundles removed. Contrary to agent advisement, ALEXANDER safely removed three bundles of narcotics from his body cavity. A representative sample of the contents of the bundles was field tested and yielded positive results for fentanyl. The bundles of fentanyl weighed 94.67 grams.

Agents questioned GAHUNGO and he admitted he was also concealing narcotics internally. Agents advised GAHUNGO he needed to go to the hospital to have the bundles removed safely. GAHUNGO insisted on removing the bundles himself. GAHUNGO removed a single bundle and told agents there were still two more inside of him. Agents inspected the bundle and observed that the wrapping was ruptured. The agent saw that some of the substance in the bundle was exposed. The agent immediately rushed GAHUNGO to the hospital for treatment and removal of the remaining bundles of suspected narcotics. Three additional bundles of suspected narcotics were removed from GAHUNGO. A representative sample of the contents of all four bundles was field tested and yielded positive results for fentanyl. The bundles of fentanyl weighed 124.94 grams.

**MATERIAL WITNESSES IN RELATION TO THE CHARGE:**

| REQUEST DETENTION | SIGNATURE OF COMPLAINANT |
|---|---|
| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge.<br>JS2/am<br>AUTHORIZED AUSA *Julie A. Sottosanti* | *[signature]*<br>**OFFICIAL TITLE**<br>Andrew Carpenter<br>Border Patrol Agent |
| **Sworn to telephonically.** | |
| SIGNATURE OF MAGISTRATE JUDGE[1]<br>*[signature]* | DATE<br>May 20, 2021 |

[1] See Federal rules of Criminal Procedure Rules 3, 4.1 and 54